Deifendorff *v.* Gage.

---

SAME TERM. *Before the same Justices.*

### DEIFENDORFF *vs.* GAGE.

Where property is sold at a stipulated price, without any fraud or warranty on the part of the vendor, and after an examination of it by the purchaser, with all the means of knowing its condition and quality which the vendor possesses, the fact that the property is good for nothing, and that no use can be made of it, forms no defense to an action for the price.

Under an averment in an answer, that the property was "very poor, and of very little value," the defendant can not prove that it was "worth nothing and of no value."

A defendant will not be allowed to give evidence of a defense not set up in his answer.

In the absence of any proof as to the value of an article at the place where it was agreed to be delivered, evidence of its value at a different place, in the immediate neighborhood, is admissible.

APPEAL, by the defendant, from the county court of Herkimer county. The suit was originally commenced before a justice of the peace. The complaint alledged that in April, 1848, the defendant, Gage, called upon the plaintiff, Deifendorff, to purchase some hay ; and that after viewing and examining the plaintiff's hay, and knowing the quality and condition thereof, he bought a quantity of it then lying in a bay in the plaintiff's barn, and also so much other hay as the plaintiff might have to spare after foddering, that spring, to be delivered to the defendant at Fink's basin, for the sum of $10 per ton ; that the plaintiff, within a few days thereafter, delivered to the defendant, at Fink's basin, a part of the hay in the barn, which the defendant accepted. And that in June or July the plaintiff tendered the hay that he had to spare after foddering, being about 13 tons ; which the defendant refused to accept. That the plaintiff was forced to resell the hay, at a loss of $2 per ton, besides costs and charges. And the plaintiff claimed judgment for $33,34, with interest from April 26, 1848, and for $26, with interest from the 13th of June, 1848. The defendant, in his answer, denied the allegations in the complaint. In the 8th averment of his answer, he alledged that the hay which the plaintiff delivered to him " was very poor, and of very little value," and was not of a marketable quality. To this allegation the plaintiff replied that when the defendant bought the hay, he saw the same, and examined it, and might have seen and known, and did see and know, the quality and condition thereof; and the plaintiff denied any knowledge that such hay was poor hay and not merchantable in quality at the time of the sale thereof. On the trial the plaintiff proved the contract for the purchase of the hay and the delivery of four loads to the defendant. He also proved that in June, 1848, the market price of hay at Little Falls, within three miles of Fink's basin, was $8 per ton. The defendant offered to prove, by Nelson J. Davis, that the hay was good for nothing, and that no use could be made of it, whatever. Also that in a conversation between the parties, the defendant told the plaintiff that he sold him the hay for good hay, and that it was good for nothing, and the plaintiff said he

Deifendorff *v.* Gage.

sold it to him for good, and it *was* good hay. The plaintiff objected to the evidence, and the court sustained the objection, and excluded the evidence. The jury rendered a verdict in favor of the plaintiff for $32,75, and judgment was entered for that sum, by the justice, with $5 costs; and the county court affirmed the judgment.

*F. Kernan,* for the appellant.

*J. Mullin,* for the respondent.

*By the Court,* GRIDLEY, J. The appellant seeks to reverse the judgment of the county court and of the justice, in this cause, for the error of the justice in admitting and rejecting evidence upon the trial.

I. The defendant offered to prove, by one Nelson J. Davis, that the hay, for which the suit was brought, was *good for nothing,* and that *no use* could be made of it, and that when it was delivered the defendant was absent from home and did not see it. (1.) The hay had been purchased at $10 per ton, (to be delivered at the place where it was actually delivered,) without any fraud on the part of the plaintiff, and after an examination of it by the defendant, with all the opportunity to know its condition and quality, possessed by the plaintiff. The facts offered in evidence, therefore, formed no defense to the action. (*See* 2 *Hill,* 606; 18 *Wend.* 449; 4 *Cowen,* 440; 2 *Kent's Com.* 484, 5.) (2.) The evidence was inadmissible, for the reason that no such fact was set up in the answer. The averment in the answer was that the hay was "*very poor,* and of *very little value.*" There was no allegation that the hay was worth "*nothing,*" and of "*no value.*" If then, the evidence offered would be available as a defense, when proof that the hay was worth but little, and was very poor, would not, it is quite clear that the evidence was properly rejected for the want of a proper averment.

II. The defendant also offered to prove that when the parties were disputing about the hay, the plaintiff admitted that he sold

the hay for good hay, and then to prove that the hay was *good for nothing.* The defendant's counsel argues that this was substantially an offer to show a warranty of the hay and a breach of such warranty. We think, however, the facts offered would not *necessarily* amount to a warranty ; but if they did, then the evidence was inadmissible, for the reason that no such defense was stated in the answer. To constitute a defense to the action, the defendant was bound to make out a case of fraud or of warranty, and neither was stated in the answer.

III. There was no error in receiving evidence of the price of hay at Little Falls, a distance of three miles from Fink's basin where the hay was to be delivered. That was in the immediate neighborhood, and the evidence therefore properly received. (8 *Wend.* 435.) This evidence was offered and received in relation to the claim for the difference in value between the hay which the defendant refused to receive and the stipulated price. The judgment could not have embraced any damages arising from that cause, and therefore the evidence, even if improperly received, forms no ground for the granting of a new trial. (12 *Wend.* 41. · 2 *Hill,* 205.)

We are of the opinion, for these reasons, that no error was committed on the trial of the cause for which a new trial ought to be granted ; and we are satisfied that the defendant has suffered no injustice by the judgment.

Judgment affirmed.