Affirmed by Supreme Court, May 15, 2006

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MID ATLANTIC MEDICAL SERVICES,
LLC,
            *Plaintiff-Appellee,*

v.

JOEL SEREBOFF; MARLENE SEREBOFF,
            *Defendants-Appellants.*

⎬   No. 04-1336

SECRETARY OF LABOR,
            *Amicus Supporting Appellee.*

MID ATLANTIC MEDICAL SERVICES,
LLC,
            *Plaintiff-Appellant,*

v.

JOEL SEREBOFF; MARLENE SEREBOFF,
            *Defendants-Appellees.*

⎬   No. 04-1403

MID ATLANTIC MEDICAL SERVICES,
LLC,
            *Plaintiff-Appellee,*

v.

JOEL SEREBOFF; MARLENE SEREBOFF,
            *Defendants-Appellants.*

⎬   No. 04-1722

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-03-2269-AMD-1)

Argued: December 2, 2004

Decided: May 4, 2005

Before WIDENER and KING, Circuit Judges,
and Henry F. FLOYD, United States District Judge
for the District of South Carolina, sitting by designation.

---

Affirmed in part, vacated in part, and remanded by published opinion.
Judge King wrote the opinion, in which Judge Widener and Judge
Floyd joined.

---

**COUNSEL**

**ARGUED:** John Charles Stein, THE BOCCARDO LAW FIRM,
L.L.P., San Jose, California, for Appellants. Thomas Humphrey Law-
rence, III, LAWRENCE AND RUSSELL, L.L.P., Memphis, Tennes-
see, for Appellee. Salvador P. Simao, UNITED STATES
DEPARTMENT OF LABOR, Plan Benefits Security Division, Wash-
ington, D.C., for Amicus Supporting Appellee. **ON BRIEF:** Howard
M. Radzely, Solicitor of Labor, Timothy D. Hauser, Associate Solici-
tor, Plan Benefits Security Division, Elizabeth Hopkins, Counsel for
Appellate and Special Litigation, UNITED STATES DEPARTMENT
OF LABOR, Office of the Solicitor, Washington, D.C., for Amicus
Supporting Appellee.

---

**OPINION**

KING, Circuit Judge:

These appeals emanate from a civil action initiated in the District
of Maryland under § 502(a)(3) of the Employee Retirement Income

Security Act of 1974 ("ERISA"). After Mid Atlantic Medical Services, Inc. ("MAMSI"), an ERISA plan fiduciary, had paid nearly $75,000 for accident-related benefits to Joel and Marlene Sereboff (the "Sereboffs"), the Sereboffs recovered $750,000 from the offending tortfeasors in a personal injury action in California state court (the "California litigation"). When the Sereboffs failed to reimburse MAMSI for the medical benefits it had paid, MAMSI sued, asserting that, as plan beneficiaries, they had failed to comply with their subrogation obligations to reimburse it for benefits paid on their behalf. By Order of January 27, 2004, the district court awarded summary judgment to MAMSI, deeming the relief sought to be equitable in nature under § 502(a)(3) and requiring the Sereboffs to reimburse MAMSI for the payments it had made (the "Reimbursement Award"). The court then reduced the Reimbursement Award to account for MAMSI's share of the expenses incurred by the Sereboffs in pursuing the California litigation (the "Deduction Ruling"). Thereafter, by Order of May 10, 2004, the court awarded MAMSI the fees and costs it had incurred in securing the Reimbursement Award (the "Attorney's Fee Ruling").

The Sereboffs have appealed the Reimbursement Award and the Attorney's Fee Ruling, and MAMSI has cross-appealed on the Deduction Ruling. The primary issue on appeal involves application of the Supreme Court's decision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), and it is one on which our sister circuits are split: whether a plan fiduciary asserting a subrogation right to reimbursement from a plan beneficiary who has received payments from a third party, and who possesses that recovery in an identifiable fund, is seeking "equitable relief" under § 502(a)(3) of ERISA. We agree with the district court that MAMSI's claim for reimbursement seeks equitable relief under § 502(a)(3) and, as explained below, we affirm the Reimbursement Award and the Deduction Ruling. We vacate and remand, however, on the Attorney's Fee Ruling.

I.

MAMSI serves as fiduciary of an ERISA-covered employee welfare benefit plan, the MAMSI Life and Health Insurance PPO Plan (the "Plan"). The Sereboffs, who live in Owings Mills, Maryland,

were beneficiaries of the Plan, participating through Mrs. Sereboff's employer, the Katzen Eye Group. On June 22, 2000, the Sereboffs were injured in an automobile accident in California, and the Plan paid their medical expenses in the sum of $74,869.37.[1] The Plan contains an "Acts of Third Parties" subrogation provision, which accords MAMSI, as Plan fiduciary, the "right to recover any payments" made to beneficiaries by third parties for costs associated with an injury resulting from the acts of "another person or party." Plan at 29 ("Acts of Third Parties" provision). Under the Plan, any recovery by MAMSI from such payments is subject to a deduction for "reasonable attorney fees and court costs" incurred by the beneficiaries in securing the third-party payments, "prorated to reflect that portion of the total recovery" reimbursed to MAMSI for the benefits it had paid. *Id.*

On August 11, 2000, the Sereboffs initiated the California litigation in the Superior Court of Santa Clara County. In late 2000 and early 2001, MAMSI informed the Sereboffs and their lawyer, in multiple writings, that it had paid medical benefits on behalf of the Sereboffs and that, pursuant to the Plan, MAMSI was entitled to reimbursement for those expenditures should the California litigation be successful. MAMSI requested that the Sereboffs and their attorney execute subrogation lien agreements acknowledging the Sereboffs' obligations under the Plan. MAMSI also offered the attorney, Mr. Stein, the opportunity to represent it in connection with its subrogation claim, on a contingency fee basis. Neither the Sereboffs nor Stein executed the proposed agreements, and Stein did not initially respond to MAMSI's offer that he represent MAMSI in its subrogation claim.

On April 13, 2001, MAMSI made what it called a "formal demand" that the Sereboffs cooperate in connection with its subrogation efforts under the Plan. On April 24, 2001, Stein informed MAMSI that it was not entitled to reimbursement from the Sereboffs, because subrogation liens such as those being pursued by MAMSI are not recoverable under decisions of the Ninth Circuit.[2] On May 23, 2001, in respond-

---

[1]In connection with the injuries suffered by Mrs. Sereboff, the Plan paid benefits of $73,778.26. In connection with Mr. Sereboff's injuries, the Plan paid benefits of $1,091.11.

[2]In his April 24, 2001 letter to MAMSI, Stein relied on *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246 (9th Cir. 2000); *Cement Masons Health*

ing to Stein, MAMSI reasserted its request that the subrogation lien agreements be executed. MAMSI contended that the Plan was a Maryland contract subject to the law of that State, and that California law was inapplicable.[3] On May 30, 2001, Stein advised MAMSI that it should retain California counsel to protect its subrogation rights in the California litigation, because he could not properly represent the interests of both the Sereboffs and MAMSI.

On January 23, 2003, the Sereboffs settled the California litigation for the sum of $750,000. Upon receipt of the settlement funds, however, they declined to recognize MAMSI's position on subrogation and reimburse it for the benefits it had paid on their behalf. Instead, Stein disbursed the funds to the Sereboffs and his law firm, pursuant to their representation agreement in the California litigation. The Sereboffs then placed the funds into their investment accounts.

On August 5, 2003, MAMSI instituted this proceeding in the District of Maryland, pursuant to § 502(a)(3) of ERISA, which authorizes a civil action by an ERISA participant or fiduciary to enjoin any act which violates the terms of an ERISA plan, or to "obtain other appropriate equitable relief" to enforce the plan's provisions. 29 U.S.C. § 1132(a)(3). MAMSI thereby sought, *inter alia*, restitution of the funds held by the Sereboffs in their investment accounts. It also sought emergency relief in the district court, seeking to enjoin the Sereboffs and Stein from disposing of the settlement funds until MAMSI's claims for reimbursement could be resolved. On August 11, 2003, the Sereboffs agreed, by stipulation filed with the court, to "preserve $74,869.37 of the settlement funds" until it ruled on the merits of the dispute.[4]

---

*& Welfare Trust Fund v. Stone*, 197 F.3d 1003 (9th Cir. 1999); and *FMC Medical Plan v. Owens*, 122 F.3d 1258 (9th Cir. 1997), to support the proposition that MAMSI was not entitled to reimbursement from his clients.

[3]In contrast to the assertion in MAMSI's May 23, 2001 letter that Maryland law governs the issues here, the parties, by their Joint Stipulation of Facts, have agreed that this proceeding is governed by the legal principles applicable under ERISA.

[4]The August 11, 2003 stipulation is separate and distinct from the Joint Stipulation of Facts.

On September 16, 2003, MAMSI moved for summary judgment against the Sereboffs, asserting that it was "entitled to recover the disputed proceeds under the terms of the Plan," and maintaining that it was seeking "equitable relief" authorized under § 502(a)(3) of ERISA. On September 25, 2003, the Sereboffs sought dismissal of the district court action, asserting that MAMSI was "seeking monetary damages which [were] not permissible" under ERISA. On January 27, 2004, the district court denied the Sereboffs' motion to dismiss. It granted in part MAMSI's motion for summary judgment, agreeing that MAMSI sought relief under § 502(a)(3) and that it was entitled to reimbursement of the $74,869.37, plus interest (the Reimbursement Award). The court then reduced the Reimbursement Award to account for MAMSI's "prorated" share of the "reasonable attorney fees and court costs" incurred by the Sereboffs in pursuing the California litigation (the Deduction Ruling).

On February 9, 2004, MAMSI sought an award requiring the Sereboffs to pay the expenses it had incurred in securing the Reimbursement Award. On May 10, 2004, the district court granted that request, and it entered judgment for MAMSI in the sum of $19,044.75, plus interest (the Attorney's Fee Ruling). As noted, the Sereboffs have appealed the Reimbursement Award and the Attorney's Fee Ruling, and MAMSI has cross-appealed on the Deduction Ruling. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We review de novo a district court's award of summary judgment, viewing the facts and inferences drawn therefrom in the light most favorable to the non-moving party. *Seabulk Offshore, Ltd. v. Am. Home Assurance Co.*, 377 F.3d 408, 418 (4th Cir. 2004). In this proceeding, the Sereboffs' challenge to summary judgment on the Reimbursement Award and MAMSI's contention of error with regard to the Deduction Ruling present questions of law to be reviewed de novo. *See Johannssen v. Dist. No. 1—Pac. Coast Dist.*, 292 F.3d 159, 168 (4th Cir. 2002). On the other hand, we review for abuse of discretion the Sereboffs' challenge to the Attorney's Fee Ruling. *See id.* at 178.

III.

Turning to the contentions of the parties, we first assess the primary issue raised here — the Sereboffs' challenge to the Reimbursement Award — which turns on whether MAMSI sought relief that is properly characterized as "other appropriate equitable relief" under § 502(a)(3) of ERISA. We then assess MAMSI's challenge to the Deduction Ruling and the Sereboffs' appeal of the Attorney's Fee Ruling.

A.

The Sereboffs first contend that the Reimbursement Award was erroneously made, asserting that the relief MAMSI sought was legal, rather than equitable, in nature. In determining whether the district court properly granted the Reimbursement Award, we first assess whether § 502(a)(3) authorizes MAMSI to seek restitution of the disputed funds held in the Sereboffs' investment accounts. Section 502(a)(3) is the civil enforcement mechanism available to ERISA fiduciaries seeking to recover benefits paid under an ERISA plan. 29 U.S.C. § 1132(a)(3). It authorizes the pursuit of a civil action by an ERISA fiduciary to enjoin any act which violates the terms of a plan, or to "obtain other appropriate *equitable* relief" to enforce a plan's provisions. Hyperlink *Id.* (emphasis added). In disputes where § 502(a)(3) does not expressly authorize relief, the federal courts are not empowered to award it. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993) (emphasizing Court's "unwillingness to infer causes of action in the ERISA context").[5] Thus, the availability of relief to

_____

[5]In asserting that the Reimbursement Award was erroneously made, the Sereboffs contend that the district court lacked "jurisdiction" to enter judgment in favor of MAMSI. Certain of the courts to have assessed the question presented by the Reimbursement Award have characterized the issue as whether they (the courts) possessed subject matter jurisdiction over the fiduciary's reimbursement action. *See infra* Part III.A.2 (citing *Qualchoice, Inc. v. Rowland*, 367 F.3d 638 (6th Cir. 2004); *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348 (5th Cir. 2003); *Admin. Comm. of the Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Varco*, 338 F.3d 680 (7th Cir. 2003)). We do not, however, view the Sereboffs' appeal of the

MAMSI turns on the proper characterization of MAMSI's action, as lying in law or in equity.

In assessing whether MAMSI's civil action seeks equitable or legal relief, we are guided (as was the district court) by the Supreme Court's decision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002). In *Knudson*, the Court explained that § 502(a)(3) does not authorize all types of relief that a court of equity might award; it only authorizes those remedies "'that were *typically* available in equity.'" 534 U.S. at 210 (quoting *Mertens*, 508 U.S. at 256). In that dispute, Janette Knudson, an ERISA plan beneficiary, was injured in an automobile accident; she was advanced money by the plan to cover her medical expenses; and she then recovered for her injuries in a lawsuit against the tortfeasor. *Id.* at 207. The settlement funds received from the tortfeasor did not enter into Knudson's possession, however, but instead were placed in a Special Needs Trust to provide for her ongoing medical care. *Id.* at 207-08. The plan fiduciary then sought declaratory and injunctive relief to require Knudson and her husband, the plan participant, to reimburse the plan from the litigation proceeds she had received. *Id.* at 208.

The Court denied the relief sought by the fiduciary, concluding that it was not claiming "particular funds that, in good conscience, belong

Reimbursement Award as calling federal court jurisdiction into question. Section 1331 of Title 28 provides the federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under the laws of the United States within § 1331 only if it is apparent from the face of a well-pleaded complaint that the plaintiff's cause of action was created by federal law, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). In this dispute, MAMSI's complaint seeks "equitable relief," and § 502(a)(3) of ERISA authorizes an action for "other appropriate equitable relief." As a result, the face of MAMSI's complaint reveals that its cause of action — for equitable relief under ERISA — was created by federal law. *See Westaff (USA) Inc. v. Arce*, 298 F.3d 1164, 1167 (9th Cir. 2002) (concluding that when an ERISA plan fiduciary "brings a suit seeking non-equitable relief, dismissal is properly on the merits for failure to state a claim, rather than for lack of subject matter jurisdiction").

to [it]," *Knudson*, 534 U.S. at 214, but instead was seeking "to impose personal liability on [the Knudsons] for a contractual obligation to pay money — relief that was not typically available in equity," *id.* at 210. The Court explained that an ERISA plan fiduciary may seek equitable restitution in the form of an equitable lien where "money or property identified as belonging in good conscience to the [fiduciary] could clearly be traced to particular funds or property in the [beneficiary's] possession." *Id.* at 213. By contrast, the Court reasoned that where the property sought to be recovered has been "'dissipated so that no product remains,' the [fiduciary's] 'claim is only that of a general creditor.'" *Id.* (quoting Restatement of Restitution § 215 cmt. a, at 867 (1936)). In that circumstance, the fiduciary is seeking a legal remedy — the "imposition of personal liability" on the beneficiary to pay a sum of money owed to the plan — and its action falls outside the jurisdictional ambit of § 502(a)(3). *Id.* at 214.

### 1.

We agree with the district court that, in this dispute, MAMSI's action seeks equitable restitution, as that term is used in *Knudson*, because MAMSI seeks to recover funds that are specifically identifiable, belong in good conscience to MAMSI, and are within the possession and control of the Sereboffs. First, the funds have not been dissipated, and they are specifically identifiable. By the stipulation of August 11, 2003, between the Sereboffs and MAMSI, $74,869.37 of the settlement funds are preserved by the Sereboffs in their investment accounts. Although the funds have been placed in accounts with the Sereboffs' other monies, they can "clearly be traced to particular funds" recovered in the California litigation. *Knudson*, 534 U.S. at 213. Second, the disputed funds belong in good conscience to MAMSI. The Plan contains express, unambiguous reimbursement provisions, according MAMSI the "right to recover any payments" made to the Sereboffs by a third party. Third, the disputed funds are within the possession and control of the Sereboffs. They received those funds in the California litigation and held them in their investment accounts pending resolution of this proceeding. In *Knudson*, by contrast, the funds received from the tortfeasor were placed in a Special Needs Trust, outside the possession or control of the beneficiary. Thus, the action pursued by MAMSI, and resulting in the Reimburse-

ment Award, is equitable in nature under § 502(a)(3), and the court properly granted relief with respect to it.

2.

Recent decisions by the Fifth, Seventh, and Tenth Circuits support our determination that MAMSI's reimbursement proceeding lies in equity. Most recently, the Tenth Circuit, in *Administrative Committee of the Wal-Mart Asssociates Health & Welfare Plan v. Willard*, 393 F.3d 1119, 1122 (10th Cir. 2004), concluded that a plan fiduciary may maintain an action for equitable relief if the plan is seeking to recover funds that are specifically identifiable, belong in good conscience to the fiduciary, and are within the possession and control of the beneficiary. In *Willard*, an ERISA fiduciary sought to enforce a subrogation clause against a beneficiary through imposition of a constructive trust on settlement funds received from a third party tortfeasor. *Id.* at 1120. The district court allowed the fiduciary to intervene and deposit a portion of the settlement proceeds equivalent to the medical expenses into the court registry. *Id.* at 1120-21. On appeal, the Tenth Circuit agreed that the fiduciary's effort to secure imposition of an equitable lien fell within the ambit of § 502(a)(3). *See id.* at 1125.[6]

The Fifth and Seventh Circuits followed a similar approach for assessing whether an ERISA plan fiduciary may maintain an action for equitable relief. *See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348 (5th Cir. 2003); *Admin. Comm. of the Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Varco*, 338 F.3d 680 (7th Cir. 2003). In both *Bombardier* and *Varco*, as in this proceeding, the beneficiaries' attorneys had accepted payment from the tortfeasors on behalf of their clients, and

---

[6]The Sereboffs correctly note that the intervention by the fiduciary in *Willard* — to deposit a portion of the settlement proceeds into the court registry — differs from the factual predicate underlying this dispute. Here, seven months elapsed between settlement of the California litigation and MAMSI's initiation of this proceeding seeking restitution of the funds held by the Sereboffs in their investment accounts. Regardless of any time lapse, however, as in *Willard*, the funds sought by the fiduciary were clearly traceable to particular funds in the possession of the beneficiaries.

placed the funds into accounts over which the beneficiaries had constructive possession. In those proceedings, the courts held that the fiduciaries were seeking "equitable relief" under § 502(a)(3). Here, the elements of equitable restitution are satisfied, and the district court properly awarded reimbursement to MAMSI.[7]

B.

After making its Reimbursement Award to MAMSI, the district court reduced the Award to account for MAMSI's prorated share of the Sereboffs' attorney's fees and costs associated with the California litigation (the Deduction Ruling). MAMSI contends that the Deduction Ruling was erroneous, asserting that such a deduction is not appropriate where the plan is compelled to retain counsel to protect its reimbursement interests, and when the beneficiary fails to abide by the plan's provisions.

---

[7]We recognize that our ruling today appears to be at variance with recent decisions by the Sixth and Ninth Circuits. *See Qualchoice, Inc. v. Rowland*, 367 F.3d 638 (6th Cir. 2004); *Westaff (USA) Inc. v. Arce*, 298 F.3d 1164 (9th Cir. 2002). In those decisions, the courts held that a plan fiduciary's assertion of a subrogation right to reimbursement from a plan beneficiary who has received payments from a third party is legal in nature, regardless of whether the beneficiary possesses that recovery in an identifiable fund. *See Qualchoice*, 367 F.3d at 650; *Westaff*, 298 F.3d at 1167. In *Westaff*, the Ninth Circuit acknowledged that the funds at issue — which were placed in an escrow account in the beneficiary's name pending a determination of their ownership — were "specifically identifiable." 298 F.3d at 1167. Nevertheless, the court held that the funds were a "legitimate personal injury settlement to which the beneficiary is entitled" and that the fiduciary's action was "one for money damages" falling outside the jurisdictional grant of § 502(a)(3). *Id.* Similarly, in *Qualchoice*, the Sixth Circuit concluded that a plan fiduciary's action for reimbursement was legal in nature, even though the beneficiary possessed the funds recovered from a third party in an identifiable fund. 367 F.3d at 649. We perceive, as did the Tenth Circuit in *Willard* and the Fifth Circuit in *Bombardier*, that the *Qualchoice* and *Westaff* decisions depart from the Court's decision in *Knudson*, and we decline to follow their more restrictive view of what constitutes "other appropriate equitable relief" under § 502(a)(3). *See Willard*, 393 F.3d at 1125; *Bombardier*, 354 F.3d at 358 n.43.

A primary purpose of ERISA is to "ensure the integrity of written, bargained-for benefit plans." *United McGill Corp. v. Stinnett*, 154 F.3d 168, 172 (4th Cir. 1998). To achieve this objective, the "plain language of an ERISA plan must be enforced in accordance with 'its literal and natural meaning.'" *Id.* (quoting *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997)). In this dispute, the provisions of the Plan mandate that any reimbursement to MAMSI of payments made to the Sereboffs by a third party is subject to a deduction for "reasonable attorney fees and court costs prorated to reflect that portion of the total recovery which is due [MAMSI] for benefits paid." Plan at 29.

Under the terms of the Plan, a prorated portion of the Sereboffs' attorney's fees and costs associated with the California litigation should be deducted from the Reimbursement Award. The Reimbursement Award grants reimbursement to MAMSI in the sum of $74,869.37, which represents the amount being held in the Sereboffs' investment accounts that the Plan paid for their medical expenses. As that sum is roughly ten percent of the $750,000 settlement agreement, the district court appropriately reduced the Reimbursement Award by that proportion of the Sereboffs' litigation expenses.

In contending otherwise, MAMSI relies on court decisions that did not involve agreements regarding the deduction of attorney's fees from reimbursement awards. *See Waller v. Hormel Foods Corp.*, 120 F.3d 138 (8th Cir. 1997); *United States v. Tobias*, 935 F.2d 666 (4th Cir. 1991). In fact, each of those decisions suggests that the inclusion of such a provision in the ERISA plan would have altered the ruling. *See Waller*, 120 F.3d at 141 (basing amount of deduction on value of plan beneficiary's legal service to plan because "the Plan's subrogation clause contains no provision regarding attorney's fees"); *Tobias*, 935 F.2d at 669 (observing that general rule against "common fund" reimbursement has exception for "express or implied agreements" regarding attorney's fees). In these circumstances, we must affirm the Deduction Ruling.

### C.

Finally, the Sereboffs challenge the Attorney's Fee Ruling made by the district court, in which MAMSI was awarded the attorney's fees

and costs it had incurred in litigating the Reimbursement Award. Because ERISA authorizes a district court to exercise its discretion to award a "'reasonable attorney's fee and costs of action to either party,'" we review the Attorney's Fee Ruling for abuse of discretion. *Johannssen v. Dist. No. 1—Pac. Coast Dist.*, 292 F.3d 159, 178 (4th Cir. 2002) (quoting 29 U.S.C. § 1132(g)(1)). In reviewing such discretionary rulings, we have adhered to the proposition that discretion has been abused if a court has failed adequately to consider "judicially recognized factors constraining its exercise" of discretion, or in relying on "erroneous factual or legal premises." *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). Because this principle was contravened, we are constrained to vacate and remand on the Attorney's Fee Ruling.

In making its Attorney's Fee Ruling, the district court was obliged, pursuant to our decision in *Johannssen*, to consider each of five factors:

> (1) the degree of the opposing party's culpability or bad faith;

> (2) the ability of the opposing party to satisfy an award of attorney's fees;

> (3) whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances;

> (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

> (5) the relative merits of the parties' positions.

*See Johannssen*, 292 F.3d at 179. As we observed in *Johannssen*, it is essential, in "order to ensure an adequate basis for review," for the trial court to have addressed each factor. *Id.*

In making the Attorney's Fee Ruling, the district court addressed three of the five factors specified by *Johannssen* — the first, second, and fifth.[8] First, the court found that the Sereboffs (and Stein) had not acted in bad faith under the first *Johannssen* factor. This finding on the first factor was, of course, supportive of the Sereboffs' position in opposition to MAMSI's fee request. Next, the court concluded that, despite the Sereboffs' lack of bad faith, their position on the Reimbursement Award "swam against a heavy current of legal precedent," rendering their position under the fifth factor to be meritless. Although the court did not identify or explain the "heavy current" of precedent that the Sereboffs' position contravened, it was apparently referring to the decisions on which its Reimbursement Award had relied: *Knudson*, *Bombardier*, *Varco*, and our unpublished decision in *Primax Recoveries, Inc. v. Young*, No. 02-2115, 2003 WL 22973630 (4th Cir. Dec. 18, 2003). In assessing the fifth *Johannssen* factor, however, the court failed to consider that the Ninth Circuit's decision in *Westaff* had created a circuit split on the question presented by the Reimbursement Award (a question that was not addressed by *Knudson*'s holding): whether a plan fiduciary asserting a subrogation right to reimbursement from a plan beneficiary who has received payments from a third party, and who possesses that recovery in an identifiable fund, is seeking "equitable relief" under § 502(a)(3) of ERISA.

Finally, the district court addressed the second *Johannssen* factor and determined that the Sereboffs would have sufficient funds available to satisfy an attorney's fee award to MAMSI. In so ruling, the court presumed that the Sereboffs' lawyer, Mr. Stein, would "credit the award [of attorney's fees and costs] against his contingent fee collected" in the underlying personal injury suit. It identified no record support, however, for the proposition that Stein would so act. In any event, the court concluded that the Sereboffs would be able to satisfy the Attorney's Fee Ruling from the $750,000 they recovered in the California litigation.

In sum, the district court's assessment of the *Johannssen* factors was incomplete. On one hand, the court's analysis of the second fac-

---

[8]Although the court, in making its Attorney's Fee Ruling, observed that the second, fourth, and fifth of the *Johannssen* factors favor an award of fees, its ruling did not analyze the fourth factor.

tor favored a fee award to MAMSI. On the other, its analysis of the first factor mitigated against any award at all, and the court did not assess either the third or the fourth factor. Finally, the court's examination of the fifth factor failed to recognize the existing circuit split on the issue raised by the Reimbursement Award. As a result, the court erred in making the Attorney's Fee Ruling, and we are constrained to vacate the Ruling and remand for a further assessment under *Johannssen*.

IV.

Pursuant to the foregoing, we affirm the Reimbursement Award and the Deduction Ruling, and we vacate and remand on the Attorney's Fee Ruling.

*AFFIRMED IN PART,*<br>*VACATED IN PART, AND REMANDED*