425 F.Supp.2d 738 (2006)
LINCOLN GENERAL INSURANCE CO., Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendants.
No. CIV.A. 1:05CV333.
United States District Court, E.D. Virginia, Alexandria Division.
March 31, 2006.
*739 Stephanie Swanson Ryan, Franklin & Prokopik PC, Herndon, VA, for Plaintiff.
Edward Harrison Grove, III, Brault Palmer Grove White & Steinhilber LLP, Fairfax, VA, Lars Calvin Golumbic, Groom Law Group Chtd., Washington, DC, for Defendants.
Diane Shug O'Neill, Burke, VA, Pro se.

ORDER
ELLIS, District Judge.
On March 25, 2005, plaintiff Lincoln General Insurance Co. (Lincoln General) filed this statutory interpleader action pursuant to 28 U.S.C. § 1335 alleging that multiple claimants were asserting claims for the same insurance policy funds. In the course of the proceedings, however, this action metamorphosed from a typical interpleader involving competing claims to a stake to a single claimant's ERISA[1] subrogation claim for the stake against the now-interested stakeholder.
At issue are cross motions for summary judgment filed by Lincoln General, the now-interested stakeholder, and National Telecommunications Cooperative Association (NTCA), the only remaining defendant-claimant, which motions raise various threshold jurisdictional and related issues. Oral argument is dispensed with as the facts and legal contentions are adequately set forth in the existing record and oral *740 argument would not aid the decisional process.

I.
The material facts are not in dispute. Specifically, this matter arises out of a one-car motor vehicle accident that occurred on June 11, 2003. Defendant Diane T. Schug-O'Neill was the driver at fault. At the time of the accident, Ms. Schug O'Neill was driving a rented vehicle for which she had purchased rental car insurance issued through Lincoln General, a Pennsylvania corporation, with applicable policy limits of $25,000 per person and $50,000 per occurrence.
Defendants Seth Bunker, Howard Bunker and Luke Bunkerall Kansas residentswere passengers in Ms. Schug-O'Neill's rented vehicle at the time of the accident. All three were injured as a result of the accident and incurred extensive medical expenses, specifically $91,054.08 for Seth Bunker, $17,430.70 for Howard Bunker, and $6,908.06 for Luke Bunker. At the time of the accident, the Bunkers were covered by an automobile accident policy issued through former defendant-claimant State Farm Mutual Automobile Insurance Company (State Farm), an Illinois corporation. And, as a result of the June 11, 2003 accident and pursuant to the terms of the State Farm policy, State Farm made Personal Injury Protection payments to Seth Bunker of $25,000, the applicable policy limit.
Defendant NTCA, a District of Columbia corporation, is a national association representing small and rural independent local exchange carriers. NTCA sponsors an employee welfare benefit plan called the Group Health Program of National Telecommunications Cooperative Association, which plan is governed by the provisions of ERISA, 29 U.S.C. § 1001 et seq. This particular ERISA plan provides health benefits to certain covered individuals, including the Bunkers. Thus, NTCA has paid approximately $43,474.40 in benefits to Seth Bunker for medical expenses incurred as a result of the June 11, 2003 accident.
Both State Farm and NTCA sent correspondence to Lincoln General seeking reimbursement of the funds that each paid to Seth Bunker as a result of the accident, up to Lincoln General's $25,000 per person limit. Because State Farm and NTCA sought reimbursement from the same Lincoln General policy funds, and because these funds were inadequate to cover both claims, as well as any other claims that might be asserted as a result of the June 11, 2003 accident, Lincoln General filed the instant statutory interpleader action pursuant to 28 U.S.C. § 1335 against State Farm, NTCA, the Bunkers and Ms. Schug O-Neill seeking a determination as to entitlement to the $25,000 Lincoln General policy funds. In the complaint, Lincoln General represented that it is "an impartial stakeholder having no further interest or concern in the instant controversies, claims or contentions with respect to the benefits." Complaint, ¶ 10. Yet, for reasons that do not appear in the record, Lincoln General, the putative stakeholder, never deposited the disputed policy funds into the registry of the court, nor did it enter into a bond in lieu thereof, as required by statute.[2]
Following a review of its policy and discussions with counsel for NTCA, State Farm filed a motion to withdraw and waive any subrogation claims that it may have *741 against Lincoln General as a result of payments made by State Farm to the Bunkers stemming from the June 11, 2003 accident. Thus, by Order dated September 15, 2005, State Farm's motion to withdraw was granted and it was accordingly dismissed as a defendant-claimant in this matter. See Lincoln General Ins. Co. v. State Farm Mutual Automobile Ins. Co., et al., 1:05cv333 (E.D.Va. Sept. 15, 2005) (Order). Additionally, on September 6, 2005, Ms. Schug-O'Neill filed a pleading confirming that she asserts no claim to the Lincoln General policy funds at issue. The Bunkers, in turn, have neither asserted a claim to the policy funds nor entered an appearance in this case, and are thus in default. See Lincoln General Ins. Co. v. State Farm Mutual Automobile Ins. Co., et al., 1:05cv333 (E.D. Va. June 23, 2005) (Order). Defendant NTCA is therefore the sole remaining defendant-claimant in this action. Given this and given that Lincoln General asserts that NTCA's claim is time-barred, Lincoln General has now become an interested stakeholder.
Both Lincoln General and NTCA have filed cross motions for summary judgment which are now ripe for disposition. In its motion, Lincoln General contends that subject matter jurisdiction over the instant interpleader action was lacking from the outset, as the amount in controversy never exceeded $75,000 as required by the federal diversity statute. See 28 U.S.C. § 1332(a). Lincoln General also essentially appears to assert a competing claim against the stake, arguing that any ERISA subrogation claim that NTCA may have against Lincoln General is now time-barred under Virginia's two year statute of limitations period applicable to personal injury actions. See Va.Code § 8.01-243(A).
NTCA, in turn, contends in its motion that jurisdiction is indeed proper under the federal interpleader statute, which requires, inter alia, an amount in controversy of only $500. See 28 U.S.C. § 1335(a). NTCA further contends that its ERISA subrogation claim is governed by Virginia's five-year statute of limitations period applicable to contract actions and thus is not time-barred as Lincoln General contends. See Va.Code § 8.01-246(2). These and other related jurisdictional issues are addressed here.

II.
As a threshold matter, it must first be determined whether federal jurisdiction exists to hear this statutory interpleader action given that NTCA is the sole remaining defendant claimant and the amount in controversy is only $25,000. Here, Lincoln General filed this action pursuant to the federal interpleader statute, 28 U.S.C. § 1335. That statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association or society having in his or its custody or possession money or property of the value of $500 or more. . . ." 28 U.S.C. § 1335(a) (emphasis added). Given this, Lincoln General is clearly mistaken in arguing that the required amount in controversy for a statutory interpleader action, like a standard federal diversity action, is $75,000. See id.; 28 U.S.C. § 1332(a). In essence, a § 1335 statutory interpleader action requires (i) "[t]wo or more adverse claimants," (ii) "of diverse citizenship," (iii) who "are claiming or may claim to be entitled to . . . [the same] money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument. . . ." 28 U.S.C. § 1335(a)(1). All three of these requirements were clearly met at the time the instant case was filed; the $500 amount in controversy requirement under § 1335(a) *742 was likewise satisfied. And, because the existence of subject matter jurisdiction is determined as of the date the action is brought,[3] it necessarily follows that federal jurisdiction over this statutory interpleader action remains notwithstanding the subsequent dismissal from the action of State Farm, the Bunkers and Ms. Schug O'Neill and NTCA's status as the sole remaining defendant-claimant. Indeed, although not yet addressed in this circuit, it is sensibly settled elsewhere that jurisdiction over an interpleader action, once properly established, remains despite the fact that there is no longer a live dispute between any of the original defendant-claimants. See, e.g., Truck-a-Tune, Inc. v. Re, 23 F.3d 60, 62 (2d Cir.1994) (recognizing that a settlement agreement between the claimants in an interpleader action "eliminated the Court's obligation to decide between them, but did not deprive the Court of jurisdiction to order disposition of the property in conformity with the claimants' agreement"); New York Life Ins. Co. v. Connecticut Development Authority, 700 F.2d 91, 95 (2d Cir.1983) (recognizing the authority of an interpleader court to determine the rights of one claimant to insurance proceeds even though the other claimants, who had initially informed the insurer of conflicting claims, had defaulted in the interpleader action).
Nor does Lincoln General's status as a now-interested stakeholder foreclose this matter from proceeding as a statutory interpleader action. Indeed, it is clear that a stakeholder need not be wholly disinterested and may pursue a § 1335 statutory interpleader action in which it has also asserted a claim. See, e.g., Ashton v. Josephine Bay Paul and C. Michael Paul Found., Inc., 918 F.2d 1065, 1069 (2d Cir.1990) (recognizing that an interpleader plaintiff need not be wholly disinterested as "neither the language of Section 1335 nor the resultant case law limits interpleader jurisdiction to cases in which the plaintiff has conceded liability to one or all of the defendants").
Moreover, although the record reflects that Lincoln General neither deposited the policy funds in question into the registry of the court nor entered into an appropriate bond in lieu thereof, as required by § 1335(a)(2), this is a jurisdictional defect that a stakeholder may easily cure and is therefore insufficient to defeat an otherwise appropriate statutory interpleader action. See, e.g., CNA Ins. Companies v. Waters, 926 F.2d 247, 249 n. 6 (3d Cir.1991) (recognizing that "the law is clear" that a party may be permitted to cure a defect in the amount deposited into the court registry under the federal interpleader statute). It is thus appropriate to order Lincoln General to deposit the original $25,000 stake into the registry of the court to perfect subject matter jurisdiction under § 1335. To be sure, however, a stakeholder's persistent failure to deposit the stake or to enter into an appropriate bond, especially in the face of an order requiring the stakeholder to cure this defect, might well serve to strip a court of subject matter jurisdiction over a statutory interpleader action. See 28 U.S.C. § 1335(a)(2).
*743 Although it is thus clear that this action may proceed as a statutory interpleader even though NTCA is the only remaining defendant-claimant and even though Lincoln General is now essentially an interested stakeholder, it should also be noted that there is independent federal jurisdiction over this action under ERISA. This is so because NTCA's subrogation claim against Lincoln General is plainly governed by the provisions of that federal statute.[4] Indeed, the Fourth Circuit has held that where, as here, an ERISA plan asserts a subrogation right to reimbursement, the plan may file that action in federal court pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). See Mid Atlantic Medical Services, LLC v. Sereboff, 407 F.3d 212, 214-15 (4th Cir.), cert. granted, ___ U.S. ___, 126 S.Ct. 735, 163 L.Ed.2d 567 (2005).[5] That statute provides, in pertinent part, that a civil action may be brought under § 502(a)(3) of ERISA:
by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.
29 U.S.C. § 1132(a)(3) (emphasis added). Significantly, a subrogation claim filed by a plan administrator, as presented here, has been held to fall within the "other appropriate equitable relief" provision of the ERISA statute. See Mid Atlantic, 407 F.3d at 214-15 (holding that "a plan fiduciary asserting a subrogation right . . ." is seeking "equitable relief" under § 502(a)(3) of ERISA").
Thus, given the presence of federal jurisdiction over this action under both the federal interpleader statute as well as ERISA, it is necessary to confront and resolve Lincoln General's claim that NTCA's ERISA subrogation claim is time-barred under the two-year statute of limitations applicable to personal injury actions in Virginia. See Va.Code § 8.01-243(A) (providing a two-year statute of limitations for personal injury actions). This argument fails. To be sure, Lincoln General is correct that federal courts must look to the law of the forum state to supply the most closely analogous limitations period for a typical ERISA claim. See Dameron v. Sinai Hospital of Baltimore, Inc., 815 F.2d 975, 981 (4th Cir.1987). Yet, it is equally clear that federal law, not the law of the forum state, "define[s] the essential nature of the ERISA action" for this purpose. Blue Cross & Blue Shield of Alabama v. Sanders, 138 F.3d 1347, 1356-57 (11th Cir.1998) (citations omitted). In this regard, the Fourth Circuit has held that a claim asserted under § 502 of ERISA, as here, is analogous to a contract claim and is thus governed by the limitations period applicable to contract actions in the forum state. See Mid Atlantic, 407 F.3d at 214-15. The appropriate limitations period for NTCA's ERISA subrogation claim is therefore five years, as set forth in § 8.01-246(2) of the Virginia Code. It follows, then, that NTCA's ERISA subrogation claim is not time-barred.
Finally, with respect to the merits of Lincoln General's statutory interpleader *744 claim and NTCA's corresponding ERISA subrogation claim, a review of the record compels the conclusion that NTCA is entitled to the $25,000 in question, as partial reimbursement for benefits paid by NTCA to Seth Bunker as a result of the June 11, 2003 accident. Indeed, there are no material facts in dispute with respect to NTCA's entitlement to the stake as Lincoln General has conceded that its insured, Ms. Schug-O'Neill, was the driver at fault for the accident and that it is therefore liable as the insurer on the underlying rental insurance policy. See Rule 56, Fed. R.Civ.P.; Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (holding that once a motion for summary judgment is properly made and supported, the opposing party bears the burden of showing, by means of affidavits or other verified evidence, that a genuine dispute of material fact exists). And, although it now claims unsuccessfully that NTCA's ERISA subrogation claim is time-barred, Lincoln General acknowledges in the complaint that it is "an impartial stakeholder having no further interest or concern in the instant controversies, claims or contentions with respect to the benefits." Complaint, ¶ 10. Thus, given that State Farm has voluntarily withdrawn any subrogation claim that it might have in this instance, and given that no other potential claimants involved in the June 11, 2003 accident have asserted a claim to the Lincoln General policy funds at issue, NTCA is clearly entitled to judgment as a matter of law with respect to the $25,000 stake.

III.
Accordingly, for the foregoing reasons, and for good cause,
It is hereby ORDERED that NTCA's motion for summary judgment is GRANTED and Lincoln General's motion for summary judgment is DENIED.
It is further ORDERED that judgment is ENTERED in favor of NTCA and against Lincoln General in the amount of $25,000.
It is further ORDERED that in the event no timely appeal is filed, the Clerk, within ten days of the expiration of the applicable appeal period, is DIRECTED to satisfy the judgment entered in favor of NTCA out of the funds deposited into the registry of the court by Lincoln General.[6]
The Clerk is directed to enter judgment pursuant to Rule 58, Fed.R.Civ.P. and to place this matter among the ended causes.
The Clerk is further directed to send a copy of this Order to all counsel of record.
NOTES
[1] Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.
[2] The federal interpleader statute requires the plaintiff stakeholder to deposit the money, property or other subject matter of the controversy into the registry of the court or enter into a bond payable to the clerk of court "in such amount and with such surety as the court or judge may deem proper." 28 U.S.C. § 1335(a)(2).
[3] It is well-settled that subject matter jurisdiction is assessed at the outset of the case. See Dole Food Co. v. Patrickson, 538 U.S. 468, 478, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003) (recognizing the "longstanding principle that the jurisdiction of the Court depends upon the state of things at the time of the action brought") (citations omitted). It is also clear that the conditions that create subject matter jurisdiction, such as the parties' diversity of citizenship or the amount in controversy, "need not survive through the life of the litigation." See, e.g., Porsche Cars North America Inc. v. Porsche.Net, 302 F.3d 248, 255 (4th Cir.2002).
[4] Lincoln General concedes in its complaint that NTCA is "asserting a lien pursuant to the Employee Retirement Income Security Act (ERISA) arising from payments made on behalf of Seth Bunker for personal injury allegedly resulting from this accident." Complaint, ¶ 7.
[5] See also Primax Recoveries v. Gunter, 433 F.3d 515, 520 (6th Cir.2006) (recognizing that federal courts have subject matter jurisdiction over subrogation actions under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3)).
[6] In the event a timely appeal is filed, however, the $25,000 stake will remain in the registry of the court pending the outcome of the appeal.