Charlene **HILL**, et al., Plaintiffs–Appellants,

v.

John F. **RICHARDSON**, Commissioner of the Indiana Department of Human Services, Defendant–Appellee.

No. 92–3199.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1993.

Decided Oct. 18, 1993.

---

Christopher B. Haile (argued), Kenneth J. Falk, Legal Services Organization of Indiana, Inc., Indianapolis, IN, for plaintiffs-appellants.

Seth Lahn (argued), Indiana Div. of Aging and Rehabilitative Services, Legal Dept., Indianapolis, IN, for defendant-appellee.

Before BAUER, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

A class of persons claiming benefits under the Existing Housing Program (Title 8 of the Housing Act of 1937), 42 U.S.C. § 1437f, contended that Indiana administered the program in a way inconsistent with federal regulations. According to the complaint, Indiana disqualified tenants for reasons not listed in 24 C.F.R. § 882.210, which plaintiffs characterized as an exclusive list of considerations. The state official named as defendant eventually settled the case—capitulation is an apt description—and the district court entered a consent decree. 740 F.Supp. 1393 (S.D.Ind. 1990). Plaintiffs then sought attorneys' fees under 42 U.S.C. § 1988, contending that this fee-shifting statute applies because 42 U.S.C. § 1983 supplied the foundation for the settlement. Although the request of $16,000 is modest for a case of this character, Indiana resisted doggedly. It persuaded the district court to deny the application on the ground that plaintiffs hadn't a prayer of winning a case in which the state threw in the towel.

One might conclude from reading the district court's lengthy opinion and the state's brief in this court that the question is whether plaintiffs would have won had the case been decided on the merits. Not so. Section 1988 provides among other things that in "[a]ny action or proceeding to enforce a provision" of § 1983, the court "may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Plaintiffs prevailed via the settlement, see *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), their request is reasonable, and the only remaining question is whether this was an "action to enforce" § 1983. See *North Carolina Department of Transportation v. Crest Street Community Council, Inc.*, 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986); *Webb v. Dyer County Board of Education*, 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985). Not whether

plaintiffs would have won, but whether they were trying to enforce § 1983 as opposed to some other statute, or no statute at all. *Lovell v. Kankakee*, 783 F.2d 95, 97 (7th Cir. 1986); *Illinois Welfare Rights Organization v. Miller*, 723 F.2d 564, 566 (7th Cir.1983); *Harrington v. DeVito*, 656 F.2d 264, 266–67 (7th Cir.1981).

■ A settlement giving a plaintiff everything he asked for, as this one did, cannot be dismissed as a gesture designed to get rid of nuisance litigation. Thus Indiana's position must be that the suit was based on a statute other than § 1983. But what statute? The Administrative Procedure Act does not apply to state governments, and § 1437f does not create a private right of action. Perhaps a private right of action covering not only the statute but also the implementing regulations might be implied, but at oral argument Indiana disclaimed that possibility. If not a private right of action to enforce a federal regulation, with corresponding federal-question jurisdiction under 28 U.S.C. § 1331, then what? Defendant does not offer any alternative; if § 1983 does not apply, this case had no business in federal court, and the consent decree should be vacated for want of jurisdiction. Yet defendant stoutly denies that there is any problem with the decree.

■ What Indiana wants is the opportunity to settle the case while litigating the merits if plaintiffs seek an award of fees. This drives a wedge between plaintiffs and their lawyers, who must accept a generous settlement to protect their clients' entitlements and then may be hard pressed to continue litigating, at their own expense, solely to secure the fees for time achieving the settlement. If they prevail, they are entitled to fees for the time necessary to establish their entitlement to fees. But they may lose, and they fear that if they win a judge will look askance at a large bill—one large enough to litigate the merits—submitted in defense of a settlement-sized original demand. See *Ustrak v. Fairman*, 851 F.2d 983, 987–88 (7th Cir.1988). A diminished prospect of full compensation for the legal time invested would reduce the effect of § 1983 in achieving compliance with federal law. What is

more, settlements that fail to conserve either the parties' or the court's resources have little to recommend them. The district court should not have accepted the state's invitation to decide whether plaintiffs actually have a claim under § 1983—a difficult question given the plasticity of the standard under *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), and the tension between *Wright v. Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987), and *Suter v. Artist M.*, —— U.S. ——, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992). The court should have determined that the question is debatable and stopped.

*Wright* held that § 1983 supports litigation to enforce the Brooke Amendment to the Housing Act, 42 U.S.C. § 1437a. Indiana insists that § 1437f, the statute involved here, is different, a point that has some force. *Wright* was closely divided, and *Suter* shows that the Court is unwilling to press *Wright* for the most it can be worth. Still, *Wright* establishes that plaintiffs have a decent argument, whether or not it would be successful in the end. Defendant's further argument that plaintiffs cannot use § 1983 because they invoke a regulation rather than § 1437f itself is unavailing. *Thiboutot*, the first case holding that § 1983 may be used to enforce a federal statute, involved a claim based on regulations implementing that statute; for that matter so did *Maher*, which first held that a plaintiff may prevail by settlement as well as by judicial decision. Plaintiffs thus had a colorable claim under § 1983 and are entitled to attorneys' fees—the $16,000 they originally requested, plus full compensation for the time devoted to establishing that entitlement in the district court and this court. The judgment is vacated, and the case is remanded so that the district court may determine the appropriate award.