298 F.3d 1164
 WESTAFF (USA) INC., a California corporation (as Administrator of the Western Staff Services Employee Health Plan) dba Western Staff Services, Plaintiff-Appellant,
v.
Betty ARCE, a single woman, Defendant-Appellee.
 No. 00-16178.
 No. 01-15751.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 2002.
 Filed August 15, 2002.
 
 Mark S. Sifferman, Norling, Kolsrud, Sifferman & Davis, P.L.C., Phoenix, AZ, for the plaintiff-appellant.
 Andrew C. Hubert, Gilbert, Kelly, Crowley & Jennett, LLP, Riverside, CA, for the defendant-appellee.
 Appeal from the United States District Court for the District of Arizona; Morton Sitver, Magistrate, Presiding.
 Before SCHROEDER, Chief Judge, FISHER and PAEZ, Circuit Judges.
 OPINION
 SCHROEDER, Chief Judge.
 
 
 1
 Westaff (USA), Inc. appeals the dismissal of its action for reimbursement of medical benefits paid to Betty Arce, and the award of attorney's fees to Arce, a beneficiary of Westaff's ERISA employee benefit plan. The issue is whether Westaff could bring this action seeking a money judgment in federal court, despite the provision in ERISA permitting suits only for equitable relief. See 29 U.S.C. § 1132(a)(3). Westaff contends that its action is allowed because the money sought is being held in escrow. We hold the existence of the escrow does not affect the application of the statute and affirm both the district court's dismissal and the award of fees.
 
 
 2
 Westaff is the administrator of the Western Staff Services Employee Health Plan, an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1). Betty Arce was an employee of Westaff and a "covered person" under the Plan. The terms of the Plan provided that the Plan had subrogation and reimbursement rights in any monies received by a covered person from a third party tortfeasor, to the extent that the recovered funds reimbursed the covered person for medical expenses that had been paid by the Plan. After Arce was injured in an automobile accident, she reaffirmed in a written agreement her obligation to repay Westaff for any medical expenses that she was able to recover from a third party.
 
 
 3
 Arce received $15,000 to settle her claim against the third party responsible for her injuries. The third party's insurance company issued the check to both Arce and Westaff, as co-payees. Arce forwarded the check to Westaff, asking for its endorsement so that the check could be cashed, and agreed to put the proceeds of the check into an escrow account pending a determination of to whom the money was owed. Westaff then filed this lawsuit against Arce, seeking a declaratory judgment that the funds in escrow belonged to it and seeking specific performance of Arce's obligation to reimburse Westaff.
 
 
 4
 ERISA authorizes plan administrators to bring suit in federal court to obtain "appropriate equitable relief" to "enforce ... the terms of the plan." 29 U.S.C. § 1132(a)(3). Westaff attempts to characterize its claim as one for equitable relief, labeling it a declaratory judgment action or action for specific performance. In determining whether an action for equitable relief is properly brought under ERISA, we look to the "substance of the remedy sought ... rather than the label placed on that remedy." Watkins v. Westinghouse Hanford Co., 12 F.3d 1517, 1528 n. 5 (9th Cir.1993) (citing Mertens v. Hewitt Assocs., 508 U.S. 248, 255, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)). Westaff is seeking to enforce a contractual obligation for the payment of money, a classic action at law and not an equitable claim. "[A]lthough they often dance around the word, what petitioners in fact seek is nothing other than compensatory damages — monetary relief for all losses their plan sustained as a result of the alleged breach" of the reimbursement provision. FMC Med. Plan v. Owens, 122 F.3d 1258, 1261 (9th Cir.1997) (quoting Mertens, 508 U.S. at 255, 113 S.Ct. 2063). The Supreme Court has recently affirmed our approach in Great-West Life, in which the Court analyzed a similar action to enforce a reimbursement clause by looking past the parties' chosen labels to the substance of the relief sought:
 
 
 5
 The basis for petitioners' claim is ... that petitioners are contractually entitled to some funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable — the imposition of a constructive trust or equitable lien on particular property — but legal — the imposition of personal liability for the benefits that they conferred upon respondents.
 
 
 6
 Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S.Ct. 708, 715, 151 L.Ed.2d 635 (2002).
 
 
 7
 This case differs from our prior cases only in that the money at issue, a legitimate personal injury settlement to which the beneficiary is entitled, has been placed in an escrow account and remains specifically identifiable. The action remains one for money damages. The district court correctly recognized this and dismissed the case for failure to state a claim.
 
 
 8
 Westaff also challenges the district court's grant of attorney's fees to Arce, contending both that the district court lacked jurisdiction to award fees and that it abused its discretion in awarding fees. We have held that a district court lacks jurisdiction to award fees under a fee-shifting statute if it has dismissed a case for lack of subject matter jurisdiction, unless the fee-shifting statute provides an independent jurisdictional basis. See, e.g., Zambrano v. INS, 282 F.3d 1145, 1150 (9th Cir.2002). However, when an ERISA plan administrator brings a suit seeking non-equitable relief, dismissal is properly on the merits for failure to state a claim, rather than for lack of subject matter jurisdiction. Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone, 197 F.3d 1003, 1007-08 (9th Cir.1999). The district court had jurisdiction to enter a fee award.
 
 
 9
 We review the district court's fee award for abuse of discretion. Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir.1984). The district court evaluated Arce's attorney's fee motion using the factors we set out in Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980), and concluded that a fee award was justified. We agree. The escrow account was set up through an agreement with the beneficiary to make it easier for Westaff to obtain the funds in the event it is determined to be entitled to them. The beneficiary's cooperation should not now be used as a weapon by the insurance company to force the beneficiary into a lawsuit in federal court that Congress, in enacting ERISA, intended to bar. We therefore affirm the award of fees.
 
 
 10
 AFFIRMED.