**WAUSAU BENEFITS, INC., Plaintiff,**

v.

**Connie M. LIMING, Defendant.**

No. 05–C–0186–C.

United States District Court,
W.D. Wisconsin.

Sept. 23, 2005.

Thomas H. Lawrence, Memphis, TN, for Plaintiff.

Charles J. Muchmore, Burch & Cracchiolo, P.A., Phoenix, AZ, for Defendant.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil case brought under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1054–1461, in which plaintiff Wausau Benefits, Inc. is suing defendant Connie Liming to enforce a subrogation provision of defendant's employer's health plan. The case is before the court on defendant's motions to dismiss the case for lack of subject matter jurisdiction or failure to state a claim on which relief may be granted or in the alternative to transfer the case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Arizona. Plaintiff filed a motion of its own to strike authority relied upon by defendant. This motion became moot when defendant disavowed any intent to rely on the authority to which plaintiff had objected.

Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied because the court has jurisdiction over the case; her motion to dismiss for failure to state a claim will be reserved for resolu-tion by the transferee court and her motion to transfer will be granted. This last motion raises the interesting question whether in making a decision to grant or deny transfer under § 1404(a), a court should take into consideration the possibility that transfer of a case will result in the application of a different rule of law. The question arises because of the conflicting views that the Seventh and Ninth Circuits take on the remedies available to plan administrators in plaintiff's position, following the Supreme Court's decision in *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). In *Knudson*, the Court held that ERISA did not permit an employee benefit plan to bring an action for specific performance of the plan's reimbursement provision and compel a plan beneficiary to make restitution of funds recovered from a third-party tortfeasor. It read § 1132 of ERISA allowing a participant, beneficiary or fiduciary to obtain "appropriate equitable relief" as limited to " 'those categories of relief that were *typically* available in equity ....' " *Id.* at 210 (quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 256, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)).

The Court of Appeals for the Seventh Circuit has read *Knudson* as allowing an ERISA administrator's claim for imposition of a constructive trust on funds received by a fund participant in a personal injury action, characterizing such an action as a "claim for other equitable relief under ERISA" rather than a claim for a legal remedy of money due and owing under a contract. *Administrative Committee of Wal–Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco*, 338 F.3d 680 (7th Cir.2003). In *Varco*, the court allowed the plan administrator's claim, finding that the funds at issue were identifiable; they had not been dissipated; and

they were still in the control of the plan participant in a reserve account her lawyer had established in her name. The Court of Appeals for the Ninth Circuit takes the opposite approach: it does not allow suits by plan administrators for reimbursement of medical benefit payments under a subrogation provision even if the money sought is being held in escrow and could be the subject of a constructive trust. Instead, it treats all such suits as actions seeking money judgments and therefore not permissible under ERISA, which provides equitable remedies only. *Westaff (USA) Inc. v. Arce*, 298 F.3d 1164, 1166 (9th Cir.2002). I conclude that the transfer decision should be made without consideration of the applicable laws and their effect upon the outcome of the case.

## BACKGROUND

At some time in the past, defendant underwent intestinal bypass surgery that resulted in serious complications. A suit against the surgeon who performed the surgery and the hospital at which the operation took place resulted in a monetary settlement. Sometime after filing the suit but before the settlement was negotiated, defendant went to work for CheckFree in Phoenix, Arizona, where she had medical benefits through the CheckFree plan, administered by plaintiff. The plan paid medical expenses for damages related to the surgical complications, subject to a subrogation clause.

Defendant has refused to turn over any of the settlement funds to plaintiff in conformance with the subrogation provision in the CheckFree health plan but she and her lawyer have agreed to hold the funds in an escrow account pending the outcome of litigation. Plaintiff filed suit against defendant on March 31, 2005 in this court, contending that defendant was obligated to reimburse the plan for the medical expenses it had paid on her behalf. The next day, April 1, 2005, defendant filed suit in state court in Arizona against CheckFree Services Corporation Group Health and Welfare Plan; the litigation was removed to federal court in Arizona. CheckFree has moved to dismiss that litigation.

## OPINION

■■■ The initial question is whether this court has subject matter jurisdiction, which it must have if it is to take any action in the case. *McCready v. White*, 417 F.3d 700, 702 (7th Cir.2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every case.") Defendant contends that the court lacks such jurisdiction because the law of the Ninth Circuit applies to this case and under that law, plaintiff's claim for a constructive trust or equitable lien over the settlement proceeds from defendant's malpractice suit is treated as a suit for money damages that cannot be brought under ERISA. Defendant's argument might support dismissal of the case for failure to state a claim if the case were brought in Arizona or transferred there, but it does not support dismissal for lack of subject matter jurisdiction. *Id.* ("That McCready's theory may be bad substantively does not negate [subject matter] jurisdiction."); *Abdelqadar v. Gonzales*, 413 F.3d 668, 671 (7th Cir.2005) ("Courts have jurisdiction over cases and controversies, not particular legal issues that affect the outcome.").

Plaintiff has alleged a violation of a federal law for which it seeks a remedy. According to the allegations of the complaint, plaintiff is a third-party administrator of the CheckFree plan, a fiduciary under ERISA and, under § 1132(a), a person allowed to bring a civil action under ERISA. These allegations are sufficient to establish subject matter jurisdiction.

I turn next to the motion for transfer of venue, which is brought under 28 U.S.C. § 1404(a). A transfer under this section is appropriate if venue is proper in both the transferor and transferee courts; the transfer is for the convenience of the parties and witnesses; and the transfer is in the interest of justice. Although the plaintiff's choice of forum is entitled to deference, it can be overcome by a showing that other considerations outweigh the choice of forum factor.

29 U.S.C. § 1132(e) authorizes action under ERISA to be brought in "the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." The plan is administered in Wisconsin, where plaintiff has its headquarters; defendant resides in Arizona. Although it appears that both Wisconsin and Arizona are districts in which venue would be proper, plaintiff takes issue with this conclusion. It maintains that the venue criterion is not satisfied because this case could not have been brought in Arizona in light of the holding in *Westaff*, 298 F.3d 1164, that the federal courts lack subject matter jurisdiction over claims to enforce subrogation provision in ERISA plans under § 1132(a)(3) when the substance of the recovery is money. Plt.'s Br., dkt. # 12, at 3. Plaintiff misstates the holding in *Westaff*. In that case, the court said clearly that it was not dismissing the case for lack of subject matter jurisdiction but for failure to state a claim. *Id.* at 1167 ("when an ERISA plan administrator brings a suit seeking non-equitable relief, dismissal is properly on the merits for failure to state a claim, rather than for lack of subject matter jurisdiction"). Whether a party can prevail on a particular claim is not the criterion for determining whether venue would be proper; the party seeking transfer need show only a basis for venue in both courts. Defendant has made that showing.

As to the convenience of the parties factor, defendant has averred that she is totally disabled, a widow and living on social security benefits. She disputes the relationship of the charges paid by plaintiff to her claim for medical malpractice and would want to bring witnesses to court to support her position if this case went to trial. Her medical witnesses are in Arizona. It would be considerably more convenient for defendant to try the case in Arizona and not particularly inconvenient for defendant to try it there. Plaintiff is a large corporation; its lawyer is based in Tennessee. Considering that plaintiff's lawyer would have to travel some distance to get to either court, it is unlikely that the cost of trying this case in Arizona would cost plaintiff any more than trying it here.

Plaintiff suggests that defendant would be estopped from arguing that complications and injuries she endured were unrelated to her medical malpractice claim *if* she testified to the contrary in connection with the malpractice trial and therefore, she would need no medical witnesses. Plaintiff does not say that defendant did testify in a way that would estop her, only that she may have. I am persuaded that defendant has shown that her reasons for transfer outweigh the deference generally accorded to a plaintiff's choice of forum.

ERISA's provisions for nationwide service and venue in the district in which the plan administrator resides tend to tilt the scales in favor of large corporate plan administrators. Recognizing the potential inequity in letting plan administrators sue in the districts that they find most convenient, whatever the inconvenience to the individual defendant, one court of appeals has concluded that § 1132(e) would violate due process if it allowed suit in a district despite the defendant's showing that hav-

ing to defend in that district would present a " 'constitutionally significant inconvenience.' " *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946 (11th Cir.1997)). The Court of Appeals for the Seventh Circuit has not adopted the Tenth Circuit's approach, finding it unnecessary because in its opinion the transfer provisions of 28 U.S.C. § 1404(a) are sufficient to protect defendants' legitimate interests in not having to defend a case in an inconvenient forum. *Board of Trustees, Sheet Metal Workers, National Pension Plan v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir.2000). Defendant has legitimate interests in not having to defend this case in Wisconsin: she is disabled and would be financially disadvantaged by having to pay the costs of travel to Wisconsin for herself and her attorney.

The interest of justice would not be disserved by transfer. Although it is true that the docket in the District of Arizona is much more congested than the docket in this court, this fact alone would not warrant keeping the case here in light of the inconvenience to defendant of having it tried so far from her home.

In deciding what weight to give the "interest of justice" factor, courts are not to be concerned with the outcome of any case. *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299 (7th Cir.1955) (court cannot consider such "speculative factors" as party's hope for a higher verdict in a particular judicial district when deciding a transfer motion). This is a sound rule, whatever doubts a court might harbor about applying it in a case such as this in which the transfer decision may determine the outcome. The alternatives are nonexistent or undesirable. Unlike state law, federal law does not provide a choice of law analysis that might enable a court to make a principled decision between the law favoring the plaintiff and that favoring the defendant. Federal law does not give a plaintiff a "right" to its choice of law along with its choice of forum; indeed, the existence of § 1404(a) implies the recognition that good reasons may exist for denying a plaintiff its choice of forum and accompanying choice of law. Particularly in situations such as this one in which broad venue provisions give the plaintiff a wide choice of forums, it is important to give life to the ameliorating effects of § 1404(a). If plaintiff had a presumptive claim to its choice of law, § 1404(a) would serve no useful purpose; the choice of law factor would trump all others. *See, generally,* Robert A. Rogazza, *Transfer and Choice of Federal Law: The Appellate Model,* 93 Mich. L.Rev. 703, 744–45 (1995). It is better to proceed on the presumption that in a unitary system, any court within the system would reach the same result in a federal question case. *Elite Erectors, Inc.*, 212 F.3d at 1036 ("It is one sovereign, the same 'judicial Power,' whether the court sits in Indianapolis or Alexandria.").

ORDER

IT IS ORDERED that defendant Connie M. Liming's motion to dismiss this case for lack of subject matter jurisdiction is DENIED; her motion to transfer the case to the United States Court for the District of Arizona is GRANTED; and her motion to dismiss the case for failure to state a claim is reserved for determination by the Arizona court. The clerk of court is directed to transmit the case file to the District of Arizona.