NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2014[*]
Decided February 6, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 13-2719 | |
| | Appeal from the United States District |
| CAROLYN WINFIELD, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellant*, | Eastern Division. |
| | |
| *v.* | No. 13 C 143 |
| | |
| MERCY HOSPITAL, et al., | Robert W. Gettleman, |
| *Defendants-Appellees*. | *Judge.* |

**O R D E R**

Carolyn Winfield appeals the dismissal of her medical-malpractice suit, brought on behalf of her daughter's estate, against Mercy Hospital and two physicians. The district court dismissed Ms. Winfield's complaint for lack of subject-matter jurisdiction. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

According to Ms. Winfield's complaint, her daughter Kimberly died in 2011 after receiving inadequate medical care at Mercy Hospital in Chicago. As alleged in the complaint, Kimberly had a serious heart condition, and Mercy doctors pressured them to treat Kimberly with a new medication to address "fluid overload." Ms. Winfield alleged that the care they received at Mercy resulted in Kimberly's "acute renal failure and cardiogenic shock." After Kimberly's condition worsened, the complaint further alleged, she was transferred to the University of Chicago Medical Center, where she died a few days later.

Winfield sued Mercy and two of its doctors for negligent treatment of Kimberly, as well as defamation (Ms. Winfield alleged that the defendants defamed her by describing her in Kimberly's medical records as unstable and obstructionist). The district court denied Ms. Winfield's application to proceed in forma pauperis and dismissed the complaint for lacking subject-matter jurisdiction. But after Ms. Winfield informed the court that she never received its dismissal order, the court granted her pauper status and allowed her to refile the complaint. The defendants moved to dismiss for lack of subject-matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), and for failure to state a claim (on grounds of untimeliness and Ms. Winfield's lack of standing as a pro se plaintiff to bring claims on behalf of her daughter's estate), *see* FED. R. CIV. P. 12(b)(6). The court granted the motion.

On appeal Ms. Winfield asserts generally that her suit involves questions of federal law and should not have been dismissed for lack of subject-matter jurisdiction. But as she concedes, her claims involve questions of state law under Illinois's Medical Patient Rights Act, *see* 410 ILCS 50/3, and such claims do not arise under federal law, *see Trs. of the Carpenters' Health & Welfare Trust Fund v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012); *Chi. Tribune Co. v. Bd. of Trs. of Univ. of Ill.*, 680 F.3d 1001, 1004, 1006 (7th Cir. 2012). Nor is there any suggestion of diversity of citizenship. *See* 28 U.S.C. § 1332.

**AFFIRMED**.