NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014[*]
Decided October 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2107

| | |
|---|---|
| CHARLES B. DAVIS SR., <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 8651 |
| JOHN SELLAS, <br> *Defendant-Appellee.* | Joan B. Gottschall, <br> *Judge.* |

**O R D E R**

Charles Davis, Sr.—a recipient of a Veterans Affairs Supportive Housing voucher, which is part of the Housing Choice Voucher program of Section 8, *see* 42 U.S.C. § 1437f(o)(19); 24 C.F.R. § 982.1—sued his landlord in federal court. Davis alleged that his landlord failed to keep his unit habitable, invaded his privacy, and caused his

---

[*]The defendant did not appear in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

voucher to be terminated by the public housing authority because his rental unit had not been kept in good repair. The landlord did not defend the suit, so the district court entered a default against him. After a prove-up hearing, the court awarded Davis only nominal damages of $1 because the injuries he asserted—relating to the landlord's misconduct during or after his eviction—did not result from the events alleged in his complaint—relating to misconduct during his tenancy. On appeal, Davis argues that he is entitled to more than nominal damages. We conclude, however, that this case does not present a federal question and thus the district court lacked subject-matter jurisdiction to decide this case.

Neither Davis nor the district court has addressed the issue of subject-matter jurisdiction, but we have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453 (7th Cir. 2009). Construing Davis's claims liberally, we cannot find a basis for subject-matter jurisdiction. *See* 28 U.S.C. §§ 1331–1332. His allegations describe a landlord-tenant dispute that at best amounts to a breach-of-contract claim under state law, but this involves neither a federal question, *see Bennett v. Southwest Airlines*, Co., 484 F.3d 907, 908–09, 912 (7th Cir. 2007); *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009), nor diversity of citizenship, *see Meyerson v. Harrah's East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Davis does mention federal law in his complaint, alleging that his landlord deprived him of his "rightful ownership of a section 8 housing certification." Under Section 8, the federal government provides funds to local housing authorities, which then subsidize rental payments for qualifying low-income tenants of privately owned buildings. *See* 42 U.S.C. § 1437f(o)(8); *Khan v. Bland*, 630 F.3d 519, 523–24 (7th Cir. 2010). But § 1437f does not expressly "create a private right of action" for tenants to sue landlords who provide subpar maintenance. *See Hill v. Richardson*, 7 F.3d 656, 658 (7th Cir. 1993); *see also* 24 C.F.R. § 982.406 ("Part 982 does not create any right of the family, or any party other than HUD or the [Public Housing Authority], to require enforcement of the [Housing Quality Standard] requirements by HUD or the [Public Housing Authority]"); *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 611 (5th Cir. 2001). Nor is a private right of action implied by the statute's language; the statute requires the federal agency only to establish "housing quality standards" and the local housing authority to conduct inspections so that the unit is maintained according to those standards. *See* 42 U.S.C. § 1437f(o)(8). This statutory language is merely a directive to federal and state agencies; it focuses on neither the tenant nor the landlord, and thus "reveals no

congressional intent to create a private right of action." *See Alexander v. Sandoval*, 532 U.S. 275, 289 (2001); *E.E.O.C. v. Mach Mining, LLC*, 738 F.3d 171, 180 (7th Cir. 2013), *cert. granted*, 82 U.S.L.W. 3514 (U.S. June 30, 2014) (No. 13-1019); *Dersch Energies, Inc. v. Shell Oil, Co.*, 314 F.3d 846, 857 (7th Cir. 2002). Furthermore, because a private right of action cannot be implied, the statute confers no rights enforceable under 42 U.S.C. § 1983 for a tenant to sue a private landlord. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002); *McCready v. White*, 417 F.3d 700, 703 (7th Cir. 2005).

Accordingly, the district court's judgment is VACATED and the case is REMANDED with instructions to dismiss for lack of subject-matter jurisdiction.