NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2015[*]
Decided February 17, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2978

| | |
|---|---|
| CAROLYN WINFIELD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14-cv-5723 |
| MERCY HOSPITAL AND MEDICAL CENTER and MING H. HWANG, *Defendants-Appellees.* | John Z. Lee, *Judge.* |

### O R D E R

Carolyn Winfield's adult daughter died from congestive heart failure in 2011 after being treated at Mercy Hospital—a private institution—in Chicago. Winfield had become distraught as her daughter's condition worsened, and the daughter's attending physician at Mercy authorized Winfield's brief, though involuntary, commitment to a psychiatric hospital. *See* 405 ILCS 5/3-600. In this lawsuit Winfield claims that Mercy and

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

the attending physician violated her rights, and her daughter's rights, under the Patient Self-Determination Act, *see* Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101-508, §§ 4206, 4751 (codified in scattered provisions of 42 U.S.C. §§ 1395, 1396). Winfield also claims that the defendants violated her right to due process by initiating the involuntary commitment, and that they cast her in a "false light" by documenting concerns about her mental stability in her daughter's medical records. In dismissing the action prior to service of process, the district court understood the suit to raise claims belonging only to Winfield, not to her daughter's estate. The court first concluded that Winfield's complaint does not state a claim for relief under the Patient Self-Determination Act or the Due Process Clause, and then declined to exercise supplemental jurisdiction over the "false light" claim. We affirm the judgment.

This is not the first time that Winfield has sued in federal court because of her daughter's death. In early 2013 she sued Mercy and two physicians claiming that the care provided her daughter was negligent. And, much like now, Winfield also claimed that the doctors had defamed her by writing in the daughter's medical records that Winfield was unstable and obstructionist. Winfield said at the time that she was bringing the malpractice claim on behalf of her daughter's estate, but she was pro se and did not assert that a state judge had appointed her as administrator. The district court dismissed that suit for lack of subject-matter jurisdiction, since all of the claims arose under state law and the parties were not diverse. We affirmed the dismissal about six months before Winfield commenced this litigation. *See Winfield v. Mercy Hosp.*, 552 F. App'x 586, 587 (7th Cir. 2014). In her new lawsuit, Winfield again purports to be acting, in part, on behalf of her daughter's estate, and again she is pro se and makes no mention of being appointed as estate administrator. For that reason the district court appropriately understood Winfield's current action to be brought only on her behalf, since she is not in a position to litigate claims belonging to her daughter's estate, particularly without counsel. *See* FED. R. CIV. P. 17(b)(3) (providing that capacity to sue in federal court is governed by law of state where federal judicial district is located); *Will v. Northwestern Univ.*, 881 N.E.2d 481, 492–93 (Ill. App. Ct. 2007); *Wilmere v. Stibolt*, 504 N.E.2d 916, 918 (Ill. App. Ct. 1987). Like the district court, we need not say any more about claims or remedies that might be available to the daughter's estate.

As for Winfield herself, she asserts that, as her daughter's "healthcare surrogate," she had a right under the Patient Self-Determination Act to make healthcare decisions for her daughter "without fear of retribution." Winfield's theory, as we understand her complaint, is that the attending physician pressured her to approve using drugs that contributed to her daughter's death. In dismissing this claim, the district court reasoned

that the Patient Self-Determination Act does not authorize expressly, and thus not at all, a private right of action. The court did not consider, though, whether the Act might implicitly confer privately enforceable rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002); *McCready v. White*, 417 F.3d 700, 703 (7th Cir. 2005). Yet that question does not have to be answered here, since Winfield's complaint does not state a plausible claim, whether or not the Act is privately enforceable. *See Townsel v. Dish Network, L.L.C.*, 668 F.3d 967, 970 (7th Cir. 2012) (explaining that question whether statute creates private right of action is not jurisdictional, thus allowing merits analysis without first deciding if private right of action exists); *McCready*, 417 F.3d at 702–03 (same).

The Patient Self-Determination Act requires that medical providers disclose information about healthcare decision-making to *patients*. A hospital that accepts Medicare and Medicaid payments must give an adult individual who is "receiving medical care" as an inpatient written material explaining the rights to refuse treatment and to create an advance directive under state law. *See* 42 U.S.C. §§ 1395cc(f)(1), (2)(A), 1396a(w)(1), (2)(A); *Compassion in Dying v. State of Washington*, 79 F.3d 790, 819 n.80 (9th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 702 (1997). The Act says nothing about an obligation to provide this information to *third parties*, even those who are authorized to make healthcare decisions for the patient under an advance directive. *See* 42 U.S.C. §§ 1395cc(f)(3), 1396a(w)(4) (defining advance directive as "a written instruction, such as a living will or durable power of attorney for health care, recognized under State law . . . and relating to the provision of such care when the individual is incapacitated"). And, in any event, Winfield does not allege that she had been authorized, through an advance directive or another means, to make healthcare decisions for her daughter. Instead, Winfield says she was her daughter's "healthcare surrogate," an apparent reference to the Illinois Health Care Surrogate Act, 755 ILCS §§ 40/1–40/65. That legislation identifies the hierarchy of persons authorized to make healthcare decisions for someone who loses decisional capacity and has no legally recognized written document appointing a surrogate. *See id.* at §§ 40/10 (defining decisional capacity as "the ability to understand and appreciate the nature and consequences of a decision regarding medical treatment . . . and the ability to reach and communicate an informed decision in the matter as determined by the attending physician"), 40/15, 40/20(b-5)(1), 40/25(a). Yet by Winfield's own admission she could not have been her daughter's healthcare surrogate because, as Winfield concedes in her complaint, her daughter was "fully cognizant" while being treated at Mercy.

Winfield also claims that the defendants violated her civil rights by wrongfully committing her to a psychiatric hospital. The district court dismissed this claim because

Mercy and its employees are not state actors and did not engage in state action when they initiated her involuntary commitment. On appeal, Winfield ignores the court's analysis and instead insists that she should not have been committed because she was not a danger to herself or others, which is a requirement for involuntary commitment under Illinois law. *See* 405 ILCS 5/3-600, 5/3-601(a) (2010). Because Winfield does not articulate in her appellate brief why she disagrees with the district court's decision, as required by Federal Rule of Appellate Procedure 28(a)(8), she has waived any challenge to that decision. *See Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998). In any event, the district court was correct that the defendants took private—not state—action when they initiated Winfield's involuntary commitment to a mental-health facility. *See Spencer v. Lee*, 864 F.2d 1376, 1377 (7th Cir. 1989) (en banc) (holding that private facilities and their employees do not engage in state action by virtue of participating in Illinois process for involuntary commitment); *see also Wittner v. Banner Health*, 720 F.3d 770, 780 (10th Cir. 2013); *Estades–Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5–9 (1st Cir. 2005).

Finally, Winfield claims that the defendants placed her in a false light by writing inaccurate and disparaging comments about her in her daughter's medical records. The district court dismissed this claim without prejudice; the court explained that, having already dismissed Winfield's federal claims, it *lacked* subject-matter jurisdiction over this supplemental, state-law claim. *See* 28 U.S.C. § 1367. Winfield argues that the claim arises under federal law, but plainly that contention is incorrect. *See Wolfe v. Schaefer*, 619 F.3d 782, 784 (7th Cir. 2010); *Lawlor v. North Am. Corp. of Ill.*, 983 N.E.2d 414, 424 & n.4 (Ill. 2012); *Lovgren v. Citizens First Nat'l Bank of Princeton*, 534 N.E.2d 987, 989–90 (Ill. 1989). The district court misspoke, however, in asserting that it did not have subject-matter jurisdiction over the claim. A district court may decline to exercise supplemental jurisdiction, and the presumption is that the court will do so if all federal claims have been dismissed before trial. *See* 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co., Inc. v. BP Prods. North Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012); *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996), *vacated on other grounds*, 522 U.S. 3 (1997). This is what we understand the district court to have meant when it dismissed Winfield's state-law claim.

AFFIRMED.